## MUTUAL HOME & SAV ASSN v STEWART et

Ohio Appeals, 2nd Dist, Montgomery Co

No. 887. Decided May 17, 1929

Messrs. Burkhart, Heald & Pickrel, Dayton, for Sav Assn.

Messrs. James & Coolidge, Dayton, for Stewart et.

### ALLREAD, J.

It is true that the trial court in the judgment from which the appeal was taken does not decide any of these questions except that it decides that the United States Fidelity and Guaranty Company was not entitled to have the deed reformed. The Court of Common Pleas held that the deed in question was actually a mortgage and was subject to all the incidents of a mortgage. The court therefore held that the deed of the U. S. Fidelity and Guaranty Company, as placed on record, furnished no consideration for the covenant upon which McKnight rests his claim, and the covenant was therefore not available as an obligation. We therefore hold that the case was a chancery case and subject to appeal.

Considering the merits of the case, it appears that McKnight in setting up his mortgage, claims the benefit of the following condition in the deed executed by the Stewarts to the U. S. Fidelity and Guaranty Company. This covenant is as follows:-

"Excepting*** a second mortgage for $1140.00, payable to Edward E. McKnight; also all taxes and assessments due and payable after the date of this instrument, all of which said grantee assumes and agrees to pay as part consideration herein."

The first question presented is whether the deed in which this covenant appears is an absolute deed or whether it is merely a mortgage. Concurrently with the execution of the deed, there was also executed a declaration of trust which among other things provides:-

"And, whereas, this conveyance is made in trust and as a pledge for the payment of a certain promissory note of $1,000.00 given by the said John H. Stewart to the said United States Fidelity and Guaranty Company, dated March 26, 1926, and payable at the rate of $25.00 per month, with interest thereon at 6%."

This written declaration is supplemented by the testimony of witnesses, and we think there is no doubt but that the absolute deed to the Fidelity and Guaranty Company was in fact a mortgage.

Under the English common law and which has been followed by early decisions in this State, the declaration that "Once a mortgage, always a mortgage" is well established law. We know of no case in this State which in any way disputes that maxim of the law and we think the majority of the decisions in this country uphold it. This deed, being a mortgage, was therefore merely security for the payment of Stewart's indebtedness to his company. The property having been sold in this case and the proceeds of the sale not being sufficient to realize anything upon the McKnight mortgage or upon the mortgage of the U. S. Fidelity and Guaranty Company, it would seem reasonable that there was no consideration in the transaction to the Fidelity and Guaranty Company as a consideration for the deed, or mortgage as it was declared, and the deed and all its provisions would, of course, depend upon the consideration.

We are therefore, of opinion that the defendant, the United States Fidelity and Guaranty Company, is entitled to be discharged from the answer and cross-petition of McKnight.

Decree accordingly.

Kunkle and Hornbeck, JJ, concur.